DANIEL L. WILLIAMS AND LILLIAN R. WILLIAMS, PLAIN-
TIFFS-RESPONDENTS, v. WILLIAM CURCHIN, JR., AND
S. S. THOMPSON & COMPANY, INCORPORATED, A COR-
PORATION, JOINTLY AND IN THE ALTERNATIVE,
DEFENDANTS-APPELLANTS.

Submitted May 17, 1930—Decided November 14, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the defendants-appellants, *Applegate, Stevens, Foster
& Reussille.*

For the plaintiffs-respondents, *John R. Phillips, Jr.*

PER CURIAM.

This case was tried at the Monmouth Circuit. The plain-
tiff Lillian R. Williams had judgment for $10,146. A ver-
dict of no cause of action was directed against her husband,
Daniel L. Williams. The case grew out of a crossroads ac-
cident, Daniel L. Williams was driving a Packard car, in
which his wife was riding easterly on Squankum road. The
defendant William Curchin, employed by S. S. Thompson
& Company, was driving in a northerly direction on the New
Bedford road which crossed the Squankum road. Williams
was familiar with the road on which he was traveling at
twenty-five to thirty miles an hour. Although he was ap-
proaching an intersection his vision to the right was ob-
scured by shrubs and bushes, he at no time applied either
the emergency or foot brake. There is testimony that he

turned to the left to get out of the way of Curchin's car. But at all events, his wife was either thrown out by the impact, or by the way in which he pulled his car around to avoid the collision.

The defendants' sole point is that the trial judge refused the following request: "If you find that the negligence of Mrs. Williams' husband was the proximate cause of her injuries she cannot recover." This request is somewhat similar to a request in *Garino* v. *Walker,* 147 *Atl. Rep.* 779. The distinction between the two cases is in the whole charge as given. In the present case, the charge as a whole indicates very clearly the issue submitted to the jury. The trial court charged substantially as requested, saying in part: "Whether Mrs. Williams can recover is submitted to you to determine as a fact under the rules of law that I will give you. And therefore I may say that she carries the burden of satisfying you under a fair preponderance of the proof that Curchin was negligent, with the direct and proximate result that a collision occurred and she was injured. * * *

"And therefore, if she has established to your satisfaction under the fair preponderance of the proof that Curchin was negligent, that is to say, that he failed to exercise the care of an ordinarily and reasonably prudent person, the contributory negligence of her husband would not be chargeable or imputable to her and she can recover against the defendants."

It seems to us from the foregoing that the jury must have understood that there could be a recovery only if the proofs established that the proximate cause of the injury was Curchin's negligence.

The judgment below is affirmed.